UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
STEPHEN BELAFONTE, :
:
                Plaintiff, :
: 25-CV-1714 (VSB)
     -against- :
: ORDER
MELANIE JANINE BROWN, :
:
                Defendant. :
:
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       On February 28, 2025, Plaintiff Stephen Belafonte filed this action against Defendant Melanie Janine Brown. (Doc. 1.) Plaintiff obtained a summons on March 3, 2025. (Doc. 7.) Plaintiff did not file an affidavit of service within ninety days, and thus on June 13, 2025, I entered an order instructing Plaintiff to submit a letter demonstrating good cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 9.) On June 26, 2025, Plaintiff filed a letter stating that Defendant Melanie Janine Brown is a citizen of the United Kingdom, and thus the typical ninety-day deadline to complete service does not apply. *See* Fed. R. Civ. P. 4(m). Plaintiff also represented that Defendant had been served, (*see* Doc. 10-2 (Affidavit of Service)), but Plaintiff had not filed the affidavit of service on the docket because the parties had reached an agreement for Defendant to waive service, after which the parties would move to stay the case pending the resolution of a related action in the Southern District of Florida. Plaintiff represented that he would file proof of service "upon receipt of the waiver of service from Ms. Brown." (Doc. 10 at 3.) Plaintiff appears to be asking the Court to disregard the Affidavit of Service at Doc. 10-2 and the resulting deadline to answer, which has since passed, in favor of forthcoming waiver of service. To date, Plaintiff has not filed a waiver

of service or any update on the status of service.

Plaintiff is correct that the ninety-day time limit to effect service does not apply to foreign service under Rule 4(m), so long as the plaintiff attempts to effect service on a foreign defendant within that timeframe. *See USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133–34 (2d Cir. 2005). Even so, "the amount of time allowed for foreign service is not unlimited." *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 516 (S.D.N.Y. 2013) (internal quotation marks omitted). The foreign-service exception in Rule 4(m) is typically applied when a plaintiff earnestly attempts to effect service on a foreign defendant within ninety days and is unable to do so due to the complexities of service in a foreign country. The application of the exception sits less comfortably with the facts of this case, wherein Plaintiff effected service within ninety days and is withholding the affidavit of service to negotiate with Defendant.

Plaintiff is hereby ORDERED to file by August 25, 2025 either (1) proof of service; or (2) a letter of no more than three pages, supported by legal authority, demonstrating good cause as to why the time for service should be extended and proposing an appropriate service deadline.

SO ORDERED.

Dated:   August 8, 2025
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge